UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH J. ROTH-BRADLEY,

Plaintiff,

v.                                                        CAUSE NO. 1:23-CV-131-HAB-SLC

SHERIFF OF ALLEN COUNTY, et al.,

Defendants.

OPINION AND ORDER

Joseph J. Roth-Bradley, a prisoner without counsel, was ordered to show cause why the initial partial filing fee has not been paid. (ECF 7.) Upon review of his response (ECF 8), the case will proceed. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Roth-Bradley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Roth-Bradley is currently at an Indiana Department of Correctional facility serving a criminal sentence. This lawsuit stems from events occurring at the Allen County Jail when he was held there awaiting trial. He claims that on March 20, 2023, jail staff mishandled his "legal mail." Specifically, he claims he received a piece of mail from the court in his criminal case that had been opened and photocopied, with the copy being provided to him. He believes this violated his privacy rights and also violated "policy and procedure." He sues the Sheriff of Allen County, the Jail Commander, and the Jail's "mailroom staff" seeking $20,000 in monetary damages and other relief.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). This type of mail cannot be opened outside the inmate's presence so as to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the envelope that it contains legal mail. *Id.*

Mr. Roth-Bradley does not allege that jail staff opened mail to or from his attorney outside his presence. In fact, he states that he was not represented by an attorney in the criminal case and was proceeding pro se. Instead, the mail in question was sent to him by the court in his criminal case. Public filings and court orders are not considered "legal mail." *Id.*; *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). An inmate's non-legal mail can be opened and inspected for contraband even outside of his presence

2

without violating the First Amendment. *Kaufman*, 419 F.3d at 686; *Rowe*, 196 F.3d at 782.

To the extent Mr. Roth-Bradley is claiming that jail policies were violated in connection

with the handling of his mail, this cannot form the basis for a claim under 42 U.S.C.

§ 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects

plaintiffs from constitutional violations, not violations of state laws or . . . departmental

regulations").

He may also be claiming a due process violation under the Fourteenth

Amendment. "Pre-trial detainees cannot enjoy the full range of freedoms of

unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation

omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits

holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff

of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to

punishment in two ways: first, if it is imposed for the purpose of punishment, or

second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or

purposeless—a court permissibly may infer that the purpose of the government action

is punishment." *Id.*

There is insufficient factual content from which the court could plausibly infer

that Mr. Roth-Bradley's mail was opened and copied in order to punish him.

Furthermore, inspecting a piece of incoming mail for contraband or other security threat

cannot be considered arbitrary or purposeless in the correctional setting. *Bell v. Wolfish*,

441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging

deference in the adoption and execution of policies and practices that in their judgment

are needed to preserve internal order and discipline and to maintain institutional

security."); *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006) ("security" and "order"

are legitimate justifications for examining an inmate's mail). He has not alleged a due

process claim.

Additionally, two of the defendants are high-ranking officials with no apparent

involvement in this incident. There is no *respondeat superior* liability under 42 U.S.C.

§ 1983, and these officials cannot be held liable for damages simply because they

oversee operations at the jail or supervise other jail staff. *Mitchell v. Kallas*, 895 F.3d 492,

498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The third

defendant he identifies as "mailroom staff," but this appears to be a group of people

working at the jail, not a "person" or suable entity that can be held liable for

constitutional violations. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir.

2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Finally, to the extent

he is seeking injunctive relief, he is no longer in custody at the jail, and he has no

standing to seek relief on behalf of other inmates. *Massey v. Helman*, 196 F.3d 727, 739–40

(7th Cir. 1999); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Therefore, the complaint does not state a claim upon which relief can be granted.

In the interest of justice, the court will allow him an opportunity to amend his

complaint if, after reviewing this order, he believes he can state a plausible

constitutional claim based on these events, consistent with the allegations he has

already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726,

738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **October 20, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on September 20, 2023.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT