UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH J. ROTH-BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF OF ALLEN COUNTY, et al.,<br><br>Defendants. | CAUSE NO. 1:23-CV-131-HAB-SLC |

OPINION AND ORDER

Joseph J. Roth-Bradley, a prisoner without counsel, filed an amended complaint pursuant to 42 U.S.C. § 1983. (ECF 11.) The court screened his original complaint and determined that it was subject to dismissal under 28 U.S.C. § 1915A, but granted him an opportunity to file an amended complaint before dismissing the case. (ECF 9.) He responded with the present filing.

The court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

---

[1] The amended complaint is not on the court's approved form for prisoner civil rights actions. N.D. IND. L.R. 7-6 (requiring litigants without counsel to use clerk-supplied forms when available). Even though he is proceeding without counsel, he is expected to comply with applicable procedural rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). Because the court is able to discern who he is suing and the nature of his claims, in this instance the court will overlook the deficiency. However, he must comply with this requirement if he files a complaint in the future.

U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Roth-Bradley is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Roth-Bradley is currently at an Indiana Department of Correctional facility serving a criminal sentence. His claims stem from events occurring at the Allen County Jail. He claims that on March 20, 2023, he received a piece of mail from the clerk in his criminal case. Specifically, the clerk sent him a copy of a motion he had filed. He claims jail staff opened the mail, copied it, and then gave him the photocopy. He believes this violated his privacy rights and interfered with his "legal mail." Based on this incident, he sues the Sheriff of Allen County, the Jail Commander, and the Jail's "mailroom staff" seeking $20,000 in monetary damages and other relief.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). This type of mail cannot be opened outside the inmate's presence so as to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the envelope that it contains legal mail. *Id.*

Mr. Roth-Bradley does not allege that jail staff opened mail to or from his attorney outside his presence. In fact, he makes clear that he was not represented by an

attorney in the criminal case and was proceeding pro se. The mail in question was a copy of a filing in his criminal case sent to him by the clerk. Public filings and court orders are not considered "legal mail." *Id.*; *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). An inmate's non-legal mail can be opened and inspected for contraband even outside of his presence without violating the First Amendment. *Kaufman*, 419 F.3d at 686; *Rowe*, 196 F.3d at 782. To the extent Mr. Roth-Bradley is claiming that jail policies were violated in connection with the handling of his mail, this cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

He may also be claiming a due process violation under the Fourteenth Amendment.[2] "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or

---

[2] Public records reflect that Mr. Roth-Bradley was being held at the jail in March 2023 on an alleged probation violation. *See State of Indiana v. Roth-Bradley*, No. 02D05-1809-F3-61 (Allen Sup. Ct. decided Nov. 20, 2018). In April 2023 he was found guilty and sentenced to serve an additional three years in prison. *Id.* (docket entry Apr. 17, 2013). The Seventh Circuit has not decided whether a person in custody pursuant to an "unadjudicated probation violation . . . fits within the Eighth Amendment or the Fourteenth Amendment framework." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 614 (7th Cir. 2022). The court will presume here that the more generous Fourteenth Amendment standard governs Mr. Roth-Bradley's claim.

second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.*

The court cannot plausibly infer from Mr. Roth-Bradley's allegations that his mail was opened in order to punish him. Furthermore, inspecting a piece of incoming mail for contraband or other security threat cannot be considered arbitrary or purposeless in the correctional setting. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."); *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006) ("security" and "order" are legitimate justifications for examining an inmate's mail). He has not alleged a plausible due process claim.

There is an additional problem with the amended complaint. Two of the defendants are high-ranking officials with no apparent involvement in this incident. There is no *respondeat superior* liability under 42 U.S.C. § 1983, and these officials cannot be held liable for damages simply because they oversee operations at the jail or supervise jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The third defendant he identifies as "mailroom staff," but this appears to be a group of people working at the jail, not a "person" or suable entity that can be held liable for constitutional violations. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Finally, he appears to seek injunctive relief regarding how mail is to be handled

4

by jail staff in the future, but he is no longer in custody at the jail and he has no standing to seek relief on behalf of other inmates. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Therefore, the amended complaint does not state a claim upon which relief can be granted. He was already granted an opportunity to file an amended complaint, and the amended complaint suffers from many of the same infirmities as the original. The court finds no basis to conclude that if given another opportunity, he could state a plausible constitutional claim consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915A and DIRECTS the clerk to close the case.

SO ORDERED on November 1, 2023.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT
